**Slip Op. 20-105**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

<table>
<tr><td>

**TOSÇELIK PROFIL VE SAC ENDÜSTRISI A.Ş.,**

     **Plaintiff,**

**and**

**ZEKELMAN INDUSTRIES,**

     **Consolidated Plaintiff,**

**v.**

**UNITED STATES,**

     **Defendant,**

**and**

**ZEKELMAN INDUSTRIES,**

     **Defendant-Intervenor.**

</td><td>

**Before: Jennifer Choe-Groves, Judge**
**Consol. Court No. 17-00018**

</td></tr>
</table>

**OPINION**

[Sustaining the U.S. Department of Commerce's third remand results.]

Dated: July 28, 2020

David L. Simon, Law Office of David L. Simon, of Washington, D.C., for Plaintiff Tosçelik Profil ve Sac Endüstrisi A.Ş.

Elizabeth A. Speck, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States.  With her on the briefs were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.  Of counsel was David W. Richardson, Senior Counsel, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

Choe-Groves, Judge: This action arises out of the final results of the administrative review of welded carbon steel standard pipe and tube products from Turkey.  See Welded Carbon Steel Standard Pipe and Tube Products from Turkey, 81 Fed. Reg. 92,785 (Dep't Commerce Dec. 20, 2016) (final results of antidumping duty administrative review and final determination of no shipments; 2014–2015), as amended, 82 Fed. Reg. 11,002 (Dep't Commerce Feb. 17, 2017) (amended final results of antidumping duty administrative review; 2014–2015). Before the court are the Final Results of Redetermination Pursuant to Third Court Remand, Mar. 16, 2020, ECF No. 96-1 ("Third Remand Results").  For the reasons discussed below, the court sustains the Third Remand Results.

## BACKGROUND

The court presumes familiarity with the facts and procedural history of this action. Tosçelik Profil ve Sac Endüstrisi A.Ş. v. United States, 42 CIT __, 321 F. Supp. 3d 1270 (2018) ("Tosçelik I"); Tosçelik Profil ve Sac Endüstrisi A.Ş. v. United States, 43 CIT __, 375 F. Supp. 3d 1312 (2019) ("Tosçelik II"); Tosçelik Profil ve Sac Endüstrisi A.Ş. v. United States, 43 CIT __, 415 F. Supp. 3d 1395 (2019) ("Tosçelik III").

In Tosçelik I, the court remanded to Commerce for reconsideration of Plaintiff Tosçelik's duty drawback adjustment and the circumstance of sale adjustment as to warehousing expenses. Tosçelik I at 1281.  Following the first remand, Commerce recalculated Tosçelik's duty drawback adjustment under respectful protest and provided an explanation for Tosçelik's warehousing circumstance of sale adjustment.  Final Results of Redetermination Pursuant to Court Remand, Oct. 4, 2018, ECF No. 61-1, 1–2.  In Tosçelik II, the court remanded Commerce's modified calculation of Tosçelik's duty drawback adjustment, but sustained Commerce's circumstance of sale adjustment for warehousing expenses.  Tosçelik II at 1317.

Following the second remand, under respectful protest, Commerce made a per-unit adjustment to

U.S. price in the full amount of the per-unit duty drawback granted on export as claimed by

Tosçelik and an additional circumstance of sale adjustment.  Final Results of Redetermination

Pursuant to Second Court Remand, May 30, 2019, ECF No. 77-1, 1–2.  In Tosçelik III, the court

remanded Commerce's circumstance of sale adjustment because Commerce negated the statutory

duty drawback adjustment and incorrectly treated the duty drawback as a direct selling expense.

Tosçelik III at 1401.  The duty drawback adjustment was sustained.  Id.

In the Third Remand Results, under respectful protest, Commerce granted Tosçelik a

duty drawback adjustment as claimed and reported by Tosçelik in its U.S. sales data, added an

imputed cost for import duties to the cost of production, and made no circumstance of sale

adjustment.  Third Remand Results at 5.  Defendant United States and Tosçelik requested that

the court sustain the Third Remand Results.  Comments of Pl. Tosçelik Profil ve Sac Endüstrisi

A.Ş. in Supp. of Final Results of Redetermination Pursuant to Remand, Slip Op. 19-166 (CIT

December 18, 2019), May 13, 2020, ECF No. 98; Def.'s Comments in Supp. of the Final Results

of Redetermination Pursuant to Ct. Remand, May 14, 2020, ECF No. 99.  No party filed

comments opposing the Third Remand Results.

<h2 style="text-align:center">JURISDICTION AND STANDARD OF REVIEW</h2>

The court has jurisdiction pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C.

§ 1581(c).  The court shall hold unlawful any determination, finding, or conclusion found to be

unsupported by substantial evidence on the record, or otherwise not in accordance with the law.

19 U.S.C. § 1516a(b)(1)(B)(i).  The results of a redetermination pursuant to court remand are

reviewed also for compliance with the court's remand order.  See ABB Inc. v. United States, 42

CIT __, __, 355 F. Supp. 3d 1206, 1211 (2018).

**DISCUSSION**

Commerce's <u>Third Remand Results</u> are consistent with the court's prior opinions and orders in <u>Tosçelik I</u>, <u>Tosçelik II</u>, and <u>Tosçelik III</u>.  Commerce has, under respectful protest, granted Tosçelik a duty drawback adjustment without making a circumstance of sale adjustment. <u>Third Remand Results</u> at 5.  The weighted-average dumping margin for Tosçelik has changed from 3.33 percent to 0.00 percent.  <u>Id.</u>  Because the court concludes that the <u>Third Remand Results</u> comply with the court's remand order, the court sustains the <u>Third Remand Results</u>.

**CONCLUSION**

The court sustains the <u>Third Remand Results</u>.

Judgment will be entered accordingly.

 /s/   Jennifer Choe-Groves 
Jennifer Choe-Groves, Judge


Dated:     July 28, 2020     
New York, New York